# United States District Court
# Middle District of Florida
# Tampa Division

**Ryan Kehoe (plaintiff) -v- Roger Kehoe (defendant)**

**Case number: 8:23-cv-01592**

September 13th, 2024

Movant: Roger Kehoe, Defendant, pro se

Respondent: Ryan Kehoe, Plaintiff, pro se

## Defendant's Motion to Quash Issuance of Summons/Subpoena; Document 48 filed 8/30/24

Based on the following arguments, the Defendant respectfully requests that the court quash the Plaintiff's filing of the following three subpoenas:

S6: to Verizon

S7: to AT&T

S8: Consensus Cloud Solutions (MyFax)

## Discussion

The Defendant objects to the Plaintiff's motion to Subpoena phone records of the Defendant as outlined in subpoena documents S6 (Verizon Wireless), S7 (ATT), and S8 (MyFax). These three personal accounts contain private information for members of an entire household that is no business of the Plaintiff or the public, and not related to this case. Approximately 100% of the transactions (calls, faxes, etc) would have nothing to do with this case. Included contacts would be friends, family, health care professionals (HIPAA violation to share), banks, credit cards, tax preparation, and such in normal family activity.

The Plaintiff has requested phone log information from the Defendant previously, for the Defendant's cell phone, from August 2020 through March 2021; and also for April 2014. He has

also requested AT&T call logs for the same periods. And lastly, the Plaintiff wants all MyFax records for April 2014. The Defendant provided the MyFax records for that month of April 2014, and there were none in the Defendant's phone records. The Defendant does not have information on the AT&T number that the Plaintiff has proposed 305-205-xxx (last 4 digits missing). The Defendant provided the April 2014 phone log information for the Plaintiff, redacted. And The Defendant refused to supply the eight-month call log information that was requested, as it is sensitive and too vast and burdensome to process with redaction.

The Plaintiff currently has four active lawsuits with family members, two in Federal Civil Court and two in Florida 13th District Court. The Defense believes that a broad gathering of confidential information (such as requested in the above three subpoenas) could be used by the Plaintiff to further his actions in these cases, or to initiate more cases against family members. Four family members are likely to be participants or mentioned in calls or faxes requested, in matters unrelated to this case. One of these family members is a minor child. The Defense believes also that the process of discovery of information pertinent to only this case would best be obtained by having specifics provided by the Plaintiff to the Defendant that would pinpoint specific calls or faxes by date or CO (central office code). The Plaintiff would obtain specifics from the custodians of the post office and loan servicers first, and then apply that data to the Defendant for production of records.

## Arguments

1. The subpoena for Verizon, number S6, requests information for a long period of time. The Plaintiff seeks call logs from August 2020 through March 2021. That is 8 months of records for three phones on the account. Redaction of the two phones' calls would take an unreasonable amount of time to accomplish. Also, the identification and redaction of

    non-case-related numbers would require weeks of sorting through. Failure to redact would open private information to public view, including that of the Plaintiff.

2. Some information, within the overbroad period of the request, is confidential or private. Disclosure would harm individuals not related to this case, including a minor child in residence with Roger and Sandra Kehoe.

3. The Defendant sent the April call log record for April 2014. It was redacted to show only the last four digits of the numbers in 4 calls. Those were all the calls made that day. The four digits should be enough to verify a number already in the Plaintiff's possession. The Plaintiff found this unacceptable. The Defendant cannot have the Plaintiff calling someone, if the complete number were provided, to find out who it was.

4. Refusal to provide broad, blanket information by the Defendant has been called an "evasive nature of Defendant's production of documents." (paragraph g. in S8).

## Case Law

**St. John v. City of Houston** (5th Cir. 2015) - **813 F.3d 261**: In this case, the Fifth Circuit addressed subpoenas seeking sensitive personal information and reinforced that they must comply with privacy protections, including those under HIPAA. The court emphasized that courts should ensure subpoenas do not infringe upon protected health information.

**Doe v. Aetna Life Insurance Co.** (E.D. Pa. 2004) - **2004 U.S. Dist. LEXIS 10827**: In this case the court quashed a subpoena that sought personal financial information of non-parties, finding that it was overly broad and violated the privacy of individuals not involved in the case. The

subpoena was deemed to infringe on personal privacy rights, leading the court to limit the scope of Discovery.

## Governing Federal Rules of Civil Procedure:

Rule 28 (b)(1)

(b) DISCOVERY SCOPE AND LIMITS. (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

## Relief Sought:

The Defendant respectfully requests that the Court quash the three subpoenas mentioned, and upon the Court's discretion modify the Discovery process in such a way as to protect the rights and privacy of individuals directly and indirectly involved in the case.

_____  
Roger Kehoe, Defendant

_____  
9/13/24  
Date